# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LAVEAL MCGHEE                                                                    PLAINTIFF

v.                                                                        No. 4:10CV139-A-A

SUPT. EMMITT L. SPARKMAN, ET AL.                                              DEFENDANTS

## REPORT AND RECOMMENDATION

On February 9, 2011, plaintiff Laveal McGhee, an inmate in the custody of the Mississippi State Penitentiary with inmate number 37135, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Discussion

The plaintiff claims that on January 7, 2010, at 26-A Building at the Mississippi State Penitentiary, Lt. First ordered the plaintiff, who is Medical Class III due to severe asthma, to go to work at the Processing Plant at Parchman. The plaintiff told Lt. First that he was Medical Class III and could not work at the plant. First made him go anyway. The plaintiff was working at the plant on January 11, 2010, where he began showing signs of an impending asthma attack – stomach pains, shortness of breath, coughing, and dizziness. He showed Officer McFarland his medical forms and inhaler and told her that he could not work at the plant. She ignored the

---

[1] 28 U.S.C. § 1915(g).

plaintiff's complaint and ordered him to sit at one of the tables. The attack grew worse, and the plaintiff could no longer even sit down; several inmates helped him to lie on the floor. McFarland ordered several inmates to take the plaintiff outside on the dock to get some air. McFarland screamed and shouted at the plaintiff while he lay in pain on the dock, gasping for air. McFarland threatened the plaintiff with a Rule Violation Report if he would not get up. The plaintiff lay there for another fifteen minutes, when Mr. Moody passed by and said he would take the plaintiff to medical.[2] Because McFarland stopped him, he did not call emergency pick-up for the plaintiff. When the shift ended, McFarland ordered Officer Ford to take the plaintiff back to Unit 26. When the bus arrived at his unit, the plaintiff told Ford he was too weak to walk, and Ford had other inmates take the plaintiff inside. Once inside, Officer Davis would not allow the plaintiff to lie in the floor; instead she moved the plaintiff to the dining hall. Ms. Davis did, however, call emergency pick-up, and the plaintiff was transported to the hospital at Unit 42, where he received pain shots and an x-ray. The plaintiff could walk again in four to five hours. His x-rays were normal. He had an inhaler during the incident, but it was empty.

## *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995), citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). In this case, the plaintiff does not allege that defendants Emmitt Sparkman, E. R. Moody, or Eric Ford had any personal involvement or were causally connected

---

[2]Moody is a contract employee with the Mississippi Department of Corrections, and he works at the egg processing plant at the penitentiary.

to the incident in any way. As such, the undersigned respectfully recommends that this action be dismissed as to these defendants for failure to state a constitutional claim.

## Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's allegations state a claim of failure to provide medical care against both Albert First and Victoria McFarland. The plaintiff alleges that both of these defendants either ordered the plaintiff into the processing area in violation of his medical documentation (which the plaintiff presented) – or refused to let him leave the processing plant or seek medical attention. A process order as to these two defendants will issue today.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 12th day of September, 2011.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE