IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LAVEAL MCGHEE                                                                                   PLAINTIFF

v.                                                                                      No. 4:10CV139-A-A

SUPT. EMMITT L. SPARKMAN, ET AL.                                                   DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Laveal McGhee, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have filed a motion for summary judgment, and the plaintiff has responded. The plaintiff has filed a cross-motion for summary judgment. The defendants have not responded to the cross-motion, and the deadline to do so has expired. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, the plaintiff's cross-motion denied, and judgment will be entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts

showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

On January 7, 2010, defendant Albert First ordered McGhee to work at the processing plant at the Mississippi State Penitentiary even though McGhee showed him a document that he was Medical Class III. McGhee told First that due to his medical class he should not be assigned to the processing plant. Afterwards, McGhee submitted a medical request form seeking a document to reflect that he was, for a variety of reasons, entitled to Medical Class III, and should not be assigned to work in the plant. McGhee nonetheless kept his assignment and entered the processing plant at 6:45 a.m. four days later on January 11, 2010. He told Corrections Officer Victoria McFarland that he could not work there because he was an asthma patient and he was out of medication. McGhee began having trouble breathing and felt nauseous. After a while longer, his stomach started hurting, he became lightheaded, and he lay down on the floor. Though there is some dispute regarding how long it took her, McFarland called medical and asked Officer Eric Ford to return the Plaintiff to his unit. McGhee returned to his unit at 8:30 a.m. (one hour and forty-five minutes after arriving at the plant) and complained further of abdominal pain, then vomiting. At that point he passed out. As a result, prison staff made an emergency medical call, and McGhee was transported by ambulance to the medical unit at 9:20 a.m. McGhee was then given an injection for nausea and an x-ray. The x-ray showed that his abdomen was normal; he was diagnosed with mild asthma. He was then released back to his unit. Mississippi Department of Corrections medical records reflect that McGhee did not suffer an asthma attack. The evening of the incident, he was finally given a medical follow-up form showing that he was Medical Class III and must be assigned to camp support inside jobs only – and not to receiving,

---

[1] The court has used the facts set forth in the plaintiff's complaint and the defendants' motion for summary judgment in the present discussion. In the few places where a dispute over the facts might exist, the court has construed the facts in the light most favorable to the plaintiff, the non-moving party.

the chicken farm, or the hog farm. McGhee recovered from his condition within 5 hours. He has not been assigned to the prohibited job sites since the incident.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the medical and institutional records do not support McGhee's claim against the defendants for denial of adequate medical care. McGhee has offered no proof that his medical conditions and Class III designation were the trigger for his bout of dizziness, nausea, and vomiting, and his medical records are silent on this issue. Neither has he alleged or provided evidence that the document he showed defendant Albert First specifically prohibited him from working at the processing plant. Indeed, McGhee's medical request form seeking verification of that fact suggests that his initial paperwork did not do so. In addition, though it is unclear how long it took defendant McFarland to send McGhee away from the processing plant after he became ill, he was only at the plant a total of an hour and forty-five minutes before being returned to his unit at 8:30 a.m. Medical records show that when he still complained about stomach pain, began vomiting, and fell unconscious, he was taken to medical at 9:30 a.m., only an hour after his return to his unit. After receiving an injection for nausea and an x-ray at medical, he was diagnosed with mild asthma and hypertension and released at about 11:00 a.m. – about 4 hours and 15 minutes from his entry into the processing plant that morning. He was discharged as a Medical Class III inmate and sent back to his unit with documentation that he should be assigned light duty inside work only. That is the only type of work he has been assigned since that day.

Laveal McGhee has not met his burden to show that either defendant "[knew] of and disregard[ed] an excessive risk to inmate health or safety . . . [that they were] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [drew] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). McGhee alleges that he showed Albert First his Medical Class III form, but he has not alleged that the form specifically prohibited the type of work to which he was assigned. Once McGhee obtained a form from medical that specifically prohibited his assignment to heavy work details – or work around animals or chemicals – those types

of work assignments ended.  In addition, only 4 hours and 30 minutes elapsed from the time he arrived at the processing plant until he had been taken to medical, treated, and released.  He made a full recovery that day.  Though his ordeal was unpleasant and frightening, it was also short-lived (less than 5 hours) and left no lasting harm.

These facts do not rise to the level of a constitutional denial of adequate medical care; as such, the motion by the defendants for summary judgment will be granted and judgment entered for the defendants.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of December, 2013.

 /s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**